138 A.3d 1259

Austria KPONVE

v.

ALLSTATE INSURANCE COMPANY.

No. 91, Sept. Term, 2015.

Court of Appeals of Maryland.

June 22, 2016.

Thomas Mack (Paul K. Regan, Regan Associates Chartered, Washington, DC; Andrew McGuire, Washington, DC), on brief, for petitioner.

Ronald W. Cox, Jr. (McCarthy Wilson, LLP, Rockville, MD), on brief, for respondent.

Argued before BARBERA, C.J., GREENE, ADKINS, McDONALD, WATTS, GLENN T. HARRELL, JR. (Retired, Specially Assigned), LYNNE A. BATTAGLIA (Retired, Specially Assigned), JJ.

HARRELL, J.

With somewhat greater frequency than Halley's Comet becomes observable to the naked eye from Earth,[1] this Court will adopt, in whole or in part (and without substantive

---

1. Halley's Comet comes close enough to Earth to be visible about every 75–76 years.

change), an opinion of the Court of Special Appeals because we agree with its resolution of the matter and cannot improve often in any material way upon its analysis.[2] The opinion of the Court of Special Appeals in the present case, *Allstate Ins. Co. v. Kponve*, 225 Md.App. 370, 124 A.3d 1147 (2015), is such a nonpareil.[3] Its explication and application of the relevant law to the questions presented to it is spot-on. The denouement of the opinion represents an elegant balance of justice and law.

Because the questions presented to this Court and the intermediate appellate court differ slightly, we elaborate briefly on that point alone. We granted Austria Kponve's Petition for a Writ of Certiorari in this case to consider the sole question of whether *Allstate Ins. Co. v. Miller*, 315 Md. 182, 553 A.2d 1268 (1989) remains good law in Maryland, in light of the Court of Special Appeals's opinion in the present case. The parties disagree, of course, on the correct response to this query and, thus, we make clear our answer that *Allstate Ins. Co. v. Miller*, remains sound law. The Court of Special Appeals, in answering a different question put to it by the parties[4], concluded that:

> Allstate was never sued in contract and therefore we are dealing with a tort case, pure and simple and not, as in *Miller*, with what was "functionally . . . a tort case." In a tort case, regardless as to whether policy limits are disput-

---

2. *See, e.g., TIG Ins. Co. v. Monongahela Power Co.*, 437 Md. 372, 86 A.3d 1245 (2014); *Sturdivant v. Maryland Dep't of Health & Mental Hygiene*, 436 Md. 584, 84 A.3d 83 (2014); *Sherrard v. Hull*, 296 Md. 189, 460 A.2d 601 (1983); *State v. Bartlett*, 267 Md. 530, 298 A.2d 16 (1973).

3. This is not a reference to the flat, round candies with white sugar sprinkles that many of us purchased at movie theater concession stands in our youth.

4. The question presented to the Court of Special Appeals by Allstate asked whether it was erroneous for the Circuit Court for Montgomery County to deny Allstate's Post Trial Motion to Reduce the Judgment to conform to its uninsured/underinsured policy limit, which motion was filed by Allstate (an intervenor in the tort action) in the tort case brought by its insured against the potentially underinsured tortfeasor.

ed, the amount of uninsured motorist coverage is irrelevant—those limits would only have relevance if it was necessary to bring a breach of contract action against Allstate. There is no language in *Miller* that supports [Kponve's] position or bolsters the (implied) position of the trial judge in this case. Instead, the *Miller* case makes clear, that Allstate did not have the burden of proof as to contract damages in a tort case such as this.

*Kponve*, 225 Md.App. at 387–88, 124 A.3d at 1157–58. We do not perceive that the Court of Special Appeals disregarded or diminished, as Petitioner suggests, the vitality of the holding and reasoning in *Miller*. Rather, recognizing that the present case proceeded entirely as a tort action, and not a contract action, the judgment of the Court of Special Appeals, through its sound reasoning, placed, upon remand, this case on the correct *Miller* path.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.**